UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RUNE IVERSEN, an individual,

    Plaintiff,

vs.      CASE NO.: 0:24-CV-62315

GENERAL MOTORS LLC,

    Defendant.
_____/

## GENERAL MOTORS LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

General Motors LLC ("GM") hereby files this Answer and Defenses to Plaintiff's Complaint and states the following:

1. Regarding the Introduction and Paragraphs 3, 4, 8, 10, 14, 15, 16, 17, and 18, GM admits that it is a Delaware limited liability company authorized to do business in Florida, and it issued a written New Vehicle Limited Warranty (the "Warranty") applicable to the 2023 Chevrolet Corvette, VIN *************9084 ("Subject Vehicle"). GM admits that the Warranty is attached to Plaintiff's Complaint as Exhibit "B." The Warranty terms speak for themselves. GM is without sufficient knowledge to admit or deny whether Plaintiff purchased the Subject Vehicle on April 17, 2023.

2. GM is without sufficient knowledge to admit or deny the allegations in Paragraphs 2, 11, 12, 13, 24, 25, and 32.

3. Regarding Paragraphs 19, 20, 21, 22, 26, and 27, GM only admits that Plaintiff brought the Subject Vehicle to an independent dealer authorized to service Chevrolet vehicles under GM's Warranty. GM denies all other allegations within these paragraphs.

4. Regarding Paragraph 34, GM admits that the Subject Vehicle was manufactured after July 4, 1975.

5. Regarding Paragraph 35, GM admits the Warranty is a "written warranty" as defined by 15 U.S.C. § 2301(6).

6. GM denies all remaining allegations of the Complaint not specifically admitted herein.

## DEFENSES

GM demands judgment in its favor based upon the following defenses:

1. There has been no warranty breach if the Subject Vehicle's alleged defects have been corrected. Plaintiff's claim is based upon an alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiff's Complaint.

2. Plaintiff failed to comply with all conditions precedent to bringing a cause of action under the Magnuson-Moss Act if he failed to afford GM a reasonable opportunity to cure the alleged breach of warranty as required by 15 U.S.C. § 2310(e). The Magnuson-Moss Act requires a consumer to provide the warrantor an opportunity to cure the alleged breach of warranty. A Manufacturer can cure an alleged breach by providing repair, replacement or refund. The Subject Vehicle is repaired.

3. GM's Warranty does not cover slight noises, vibrations, or other normal characteristics of the vehicle. Plaintiff's claim is based upon alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiff's Complaint.

4. There has been no warranty breach if the alleged defects are not covered by GM's Warranty. Plaintiff's claim is based upon an alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiff's Complaint.

5. To the extent that the alleged defects resulted from misuse, abuse, accident, neglect, modifications, or improper maintenance by persons other than GM, they are not covered under the Warranty, GM is not responsible for the damages alleged by Plaintiffs, and GM may not be held liable for the same. Plaintiff's claim is based upon an alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiff's Complaint.

6. There has been no warranty breach if Plaintiff failed to report the alleged defects to a dealer authorized to perform repairs under the Warranty and failed to allow the dealer a reasonable opportunity to correct the alleged defects. Plaintiff's claim is based upon an alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiff's Complaint.

7. GM's Warranty disclaims and excludes liability for incidental and consequential damages. Plaintiff's claim is based upon an alleged breach of GM's Warranty. A copy of the Warranty, including its terms, conditions, and exclusions, is attached as Exhibit "B" to Plaintiff's Complaint.

8. To the extent Plaintiff failed to use reasonable care to mitigate any alleged damages by taking reasonable measures to prevent or minimize the losses claimed in this matter, Plaintiff's claim for damages is barred or diminished. This is a legal rather than factual defense. Plaintiff has a duty to mitigate any alleged damages.

9.      GM is entitled to a set off for monies received through a judgment, settlement, or otherwise by Plaintiff from any party or non-party to this action in relation to the damages alleged in the Complaint.  This is a legal rather than factual defense.  Nevertheless, to the extent Plaintiff is seeking rental and/or other expenses that may have been reimbursed as well as any amounts received by any party or non-party, GM is entitled to a setoff for such damages.

10.     To the extent Plaintiff pled a request for equitable relief, which GM disputes, Plaintiff is not entitled to equitable relief because he has an adequate legal remedy. This is a legal rather than factual defense.

11.     GM reserves the right to plead any and all additional defenses that may become known during discovery.

WHEREFORE, GM respectfully requests this Court to enter judgment in its favor.

## DEMAND FOR JURY TRIAL

General Motors LLC demands a trial by jury as to all issues so triable.

Respectfully submitted,

s/*Jens C. Ruiz*
JENS C. RUIZ
Florida Bar No.:  96119
E-mail:  jruiz@rumberger.com (primary)
docketingmiami@rumberger.com and
jruizsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel:  305.358.5577
Fax:  305.371.7580
*Attorneys for General Motors LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 30, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Joshua Feygin, Sue Your Dealer – A Law Firm, 1930 Harrison Street, Suite 208 F, Hollywood, Florida 33020 at Josh@JFeyginesq.com (Counsel for Plaintiff).

s/*Jens C. Ruiz*
JENS C. RUIZ
Florida Bar No.: 96119
E-mail: jruiz@rumberger.com (primary)
docketingmiami@rumberger.com and
jruizsecy@rumberger.com (secondary)
RUMBERGER, KIRK & CALDWELL, P.A.
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel: 305.358.5577
Fax: 305.371.7580
*Attorneys for General Motors LLC*